■ In the Matter of STUART L. PERKINS et al., as Trustees under the Will of HIRAM A. PERKINS, Deceased, Petitioners, against GEORGE M. BRAGALINI et al., Constituting the State Tax Commission, Respondents.— Proceeding under article 78 of the Civil Practice Act to review a determination of the State Tax Commission which denied petitioners' application for revision of assessments against a testamentary trust estate of net capital gain taxes for the years 1950 and 1951. Testator developed and patented a method and machine for manufacturing paper lollipop sticks and in 1939 sold his interest in the patent pursuant to a contract calling for payment of $12,500 and 5% of the selling price of the products from time to time manufactured under the patent. Testator died in 1944 and by his will bequeathed his interest in the contract in trust for the benefit of designated beneficiaries. For purposes of the New York estate tax, the contract was appraised at $18,434.25. The payments received by the trustees on the contract subsequent to decedent's death exceeded that valuation, and the appraised value had been recovered prior to 1950. In each of the years 1950 and 1951, the trustees received upon the contract approximately $50,000. The respondent commission has determined that the payments constituted part of the purchase price of the patent on its sale by decedent; that the basis of the contract in the hands of the trustees was its fair market value of $18,434.25 at date of death; and that the payments in excess of that basis constituted gains realized by the trust entity taxable to such entity as capital gains under article 16 of the Tax Law. The parties agree that the contract is a capital asset. "Capital gain" is defined as "gain or profit from the sale or exchange of capital assets." (Tax Law, § 350, subd. 13.) In this case the word "sale" must be considered in its ordinary sense, as none of the special meanings set forth in subdivision 15 of section 350 apply. The statute provides that "the tax on income arising from net capital gain realized by an estate or trust shall be imposed upon the estate or trust whether or not distributable to beneficiaries". (Tax Law, § 365, subd. 7.) Petitioners' contention is that a capital gain taxable pursuant to subdivision 7 is "realized" by the trust only upon a sale or exchange effected by the trust. Concededly, the payments representing installments of the purchase price would have been taxable in the hands of decedent as capital gains. It does not seem to us to follow from the language of the statute (Tax Law, § 350, subd. 13), absent specific provision for the restriction urged by petitioners,

that the payments in the hands of the trustees became something else. The life of the patent is, of course, limited and the contract itself subject to complete depreciation. The " receipt of an amount due on a contract obligation is *pro tanto* a ' disposition ' — relinquishment — of the obligation." (Cf. *Hatch* v. *Commissioner of Internal Revenue*, 190 F. 2d 254, 255.) In the circumstances of this case, and considering that the sale has been made, the key provision seems not that of subdivision 13 but rather that of subdivision 7 of section 365, above quoted, the payments retaining their original character and the gain continuing to be " realized ", although upon a new basis. Determination unanimously confirmed, with $50 costs. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.